**Stephen CARMICHAEL, Petitioner,**

v.

**WARDEN, MAINE STATE PRISON, Respondent.**

No. CIV.04–113–B–W.

United States District Court, D. Maine.

April 7, 2005.

Stephen Carmichael, Maine State Prison, Warren, ME, Pro Se.

Donald W. Macomber, Maine Attorney General's Office, Augusta, ME, for Warden, Maine State Prison, Respondent.

### ORDER

WOODCOCK, District Judge.

The Petitioner, Stephen Carmichael, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Docket # 1) on July 12, 2004. On January 3, 2005, the United States Magistrate Judge filed her Recommended Decision (Docket # 25) denying the Petition. On February 17, 2005, Mr. Carmichael objected (Docket # 28) to the Recommended Decision. On the same day, he moved this Court for leave to amend his Petition (Docket # 29) on the ground that the state court granted a hearing on his second state post-conviction petition. He further requests, under *Thompson v. Merrill,* No. 04–106–B–W (D.Me. Jan.27, 2005), a stay of these proceedings to allow timely consideration of all exhausted claims. This Court stays these proceedings pending resolution of the Petitioner's second state post-conviction petition.

### I. BACKGROUND

On July 21, 1999, Mr. Carmichael, having been convicted on December 16, 1998 of gross sexual assault, was sentenced in Maine Superior Court to thirty-five years in prison. Mr. Carmichael filed a notice of direct appeal to the Maine Supreme Judicial Court on January 4, 1999. On June 19, 2000, the Maine Supreme Judicial Court, in a memorandum of decision, affirmed the judgment of conviction. Mr. Carmichael's application to appeal his sentence was denied by its Sentence Review Panel on November 23, 1999. Mr. Carmichael did not file a petition for a writ of certiorari with the United States Supreme Court seeking review of the Maine Supreme Judicial Court's denial of the direct appeal.

Mr. Carmichael filed a petition for post-conviction review in state court on September 28, 2000. Following a testimonial hearing before Justice Jabar, his petition was denied, *Carmichael v. State,* SOMSC–CR–00–296 (Me.Super.Ct., Som.Cty., July 17, 2003) (Jabar, J.), and on May 17, 2004, the Maine Supreme Judicial Court denied his request for a certificate of probable cause. On July 12, 2004, Mr. Carmichael filed with this Court the pending § 2254 petition. On August 18, 2004, Mr. Carmichael filed a second state post-conviction review petition, alleging his sentence violated *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In the post-conviction assignment order, Justice Hunter noted the petition "may be time barred," but assigned the petition to the regular criminal docket for determination "whether *Blakely* affords the Petitioner a basis for relief and, if so, whether the Petitioner was denied effective assistance of counsel." *Carmichael v. State,*

SOMSC–CR–04–223 (Me.Super.Ct., Som. Cty., Sept. 23, 2004) (Hunter, J.).

Mr. Carmichael filed with this Court his first motion to amend the Petition (Docket # 15) on October 1, 2004. The United States Magistrate Judge denied the motion to amend, stating:

> Petitioner has not submitted a proposed amended petition with his motion and there is no reasonable way to rule upon a "motion to amend." I have already granted Carmichael leave to file a "clarifying" reply to the State's response and that reply was due 60 days after the State filed its response. Carmichael appealed that order and related procedural matters. I will now further extend Carmichael's reply date to 30 days after ruling on pending appeals of the magistrate judge's rulings. No further extension is warranted.

(Docket # 18). The Magistrate Judge also denied Mr. Carmichael's motion to stay the proceedings pending exhaustion of his second post-conviction petition in state court:

> This petition was filed in this court after *Blakely v. Washington* had been decided. For whatever reason petitioner elected to start this process in July, 2004, and this case will be processed in accordance with the deadlines set by this court. Petitioner is certainly free to pursue whatever state court remedies he has available to him or to voluntarily dismiss this action, but it will not be stayed pending resolution of other matters.

(Docket # 20). Mr. Carmichael did not object to either order.

After the Magistrate Judge denied Mr. Carmichael's first motion to amend the Petition and to stay the proceedings, the State filed in state court a motion to dismiss the Petitioner's second post-conviction review petition, arguing *Blakely* does not apply retroactively to cases on collater-

al attack. Respondent's Response to Petitioner's Second Motion to Amend the Petition, at Attachment # 1 (Docket # 30). The state court scheduled a hearing on the motion for April 5, 2005. *Id.* at 2.

On January 3, 2005, the Magistrate Judge filed her Recommended Decision denying Mr. Carmichael's Petition. Mr. Carmichael objected on February 17, 2005. That same day, Mr. Carmichael filed a motion to amend the Petition in which he requested a stay of these proceedings pending exhaustion of the second state post-conviction proceeding.

## II. SECOND MOTION TO AMEND THE PETITION AND REQUEST TO STAY PROCEEDINGS

In his second motion to amend, Mr. Carmichael states:

> 1) The petitioner has filed a second post conviction petition within state court which has been ordered by the Superior Court Chief Justice to be heard; 2) the petitioner is requesting permission to exhaust the new issues being raised within the second post conviction petition to have review of the whole cloth.

Motion (Docket # 29) at 1–2. He cites *Thompson* for the proposition that when a second state post-conviction petition is pending and a § 2254 petition has been timely filed within the one-year statute of limitations, this Court should stay its proceedings to allow consolidated consideration of the outcome of the state post-conviction proceedings. *Id.* at 2. In *Thompson,* Magistrate Judge Cohen states:

> An incarcerated person, mindful of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), apparently may file a timely petition under 28 U.S.C. § 2254 addressing claims that have been exhausted before

the relevant state courts and then obtain a stay of the federal proceeding pending the outcome of a second post-conviction proceeding before the state courts, in those states which allow successive petitions for post-conviction relief.

*Thompson,* at 2 (citations omitted). In *Thompson,* no stay was necessary because Mr. Thompson's second state court action had concluded.

In *Rhines v. Weber,* —— U.S. ——, 125 S.Ct. 1528, 161 L.Ed.2d 440, 2005 WL 711587 (Mar. 30, 2005), the United States Supreme Court recently addressed the propriety of the "stay and abeyance" procedure in a "mixed petition" for habeas corpus relief in which a state prisoner presents a federal court with "a single petition containing some claims that have been exhausted in the state court and some that have not." *Id.* at 1531–34. *Rhines* noted the "interplay" between the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA) and the dismissal requirement in *Rose v. Lundy,* 455 U.S. 509, 518–19, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). *Id.* at 1533. In *Lundy,* the Supreme Court ruled that federal district courts may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Id.* at 1532 (citing *Lundy,* 455 U.S. at 518–22, 102 S.Ct. 1198). When the one-year statute of limitations is applied, the petitioners who come to the federal courts "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 1533.

At the same time, *Rhines* recognized that staying a federal habeas petition frustrates the "twin purposes" of the AEDPA—encouraging finality and streamlining federal habeas proceedings—by allowing a petitioner to delay the resolution of the federal proceedings and decreasing a petitioner's incentive to exhaust all his claims

in the state court prior to filing his federal petition. *Id.* at 1534–35. *Rhines,* therefore, ruled that stay and abeyance should be available "only in limited circumstances." *Id.* The district court must first determine whether there is "good cause" for the petitioner's failure to exhaust his claims first in state court and then review the state claim to determine whether it is "plainly meritless." *Id.* The district court should in addition make certain there is no indication the defendant "engaged in intentionally dilatory litigation tactics." *Id.* at 1535–36. Even if the district court concludes these criteria have been met and a stay should be granted, it should not do so indefinitely. *Id.* at 1534–35. The court should place "reasonable time limits on a petitioner's trip to state court and back." *Id.* For example, the Supreme Court noted with apparent approval an order that required the defendant to pursue state remedies within 30 days after the stay is entered and further required him to return to federal court within 30 days after state court exhaustion is completed. *Id.*

The limitations period begins to run for a § 2254 petition when the conviction becomes final and will be tolled for the period during which a "properly filed" state post-conviction petition is pending. 28 U.S.C. § 2244(d)(2). The State argues, because Maine law does not allow successive petitions for post-conviction review arising out of a criminal judgment, the second state post-conviction petition is untimely and not properly filed. *See* 15 M.R.S.A. § 2128(3)("All grounds for relief from a criminal judgment or from a post-sentencing proceeding shall be raised in a single post-conviction review action and any grounds not so raised are waived unless the State or Federal Constitution otherwise require or unless the court determines that the ground could not reasonably have been raised in an earlier action.").

Although Mr. Carmichael has previously filed a state post-conviction petition, the state court has not dismissed the second post-conviction petition; instead, the Superior Court (1) assigned the case to the criminal docket for determination whether *Blakely* affords Mr. Carmichael a basis for relief and, if so, whether he was denied effective assistance of counsel; and (2) scheduled a hearing on the State's motion to dismiss the second post-conviction petition. In its post-conviction assignment order, the court noted that, pursuant to 15 M.R.S.A. § 2128(5), there is a one-year statute of limitations on the filing of post-conviction review petitions, and that pertinent to this second post-conviction petition, the limitation period runs from "[t]he date on which the constitutional right, state or federal, asserted was initially recognized by the Law Court or the Supreme Court of the United States, if the right has been newly recognized by that highest court and made retroactively applicable to cases on collateral review," *id.* § 2128(5)(B). *Carmichael,* SOMSC–CR–04–223, at 2 n. 2.

Guided by *Rhines,* this Court concludes the first three criteria have been met in this case. The state court's preliminary treatment of the second petition answers the *Rhines* questions: whether there is good cause for the second petition; whether the petition is plainly meritless; and whether the defendant has engaged in intentionally dilatory litigations tactics. Based on the state court assessment, the second petition raises issues with sufficient merit to place the case on the criminal docket and schedule a hearing on the propriety of the petition, and Mr. Carmichael's *Blakely* issue is at least facially based on a constitutional right that could be deemed newly recognized, though neither those determinations nor this order should be interpreted as expressing a view on the merits of the second petition.

If the pending state petition is considered proper and timely, the time during which the second state petition is pending will be tolled for purposes of § 2244. Until the state court rules on Mr. Carmichael's second state petition, including its timeliness, this Court cannot assess whether the limitations period has been tolled during its pendency.

Mr. Carmichael asks this Court to permit an amendment to the petition. This is not appropriate, because any later filed petition could be time-barred depending on the outcome of the pending state post-conviction petition. This Court concludes the better course of action is to stay the federal proceedings pending resolution of the state proceedings. In accordance with *Rhines,* Mr. Carmichael is to file appropriate documentation within 30 days after the state court exhaustion is complete.

### III. CONCLUSION

These proceedings are stayed pending resolution of the current state post-conviction petition for a period no longer than 30 days after the state court proceeding is finally concluded.

SO ORDERED.